[No. 1752.]

### Jerry Payne v. The State.

1. MALICIOUS MISCHIEF.— The offense denounced by article 685 of the Penal Code is not the same as that denounced by article 680 of the said Code, but is a separate and distinct offense to which is attached a different penalty. See statement of the case for the contradistinguished articles.
2. SAME — EVIDENCE — CHARGE OF THE COURT — CASE STATED.— The prosecution in this case, for killing a cow, was brought under article 680 of the Penal Code. The evidence shows conclusively that the appellant shot the cow, and, though the animal was found dead outside his inclosure, it tends to show that she was shot by the appellant inside of his field, around which he did not have a legal fence. Under such proof the appellant requested the court to charge as follows: " If you believe from the evidence that the cow charged to have been killed was killed in the field of the defendant, you cannot find him guilty under this prosecution." *Held*, that, the evidence tending to establish an offense different from that charged in the information, the defendant was entitled to the charge asked, and its refusal was error.

APPEAL from the County Court of Smith. Tried below before the Hon. C. G. White, County Judge.

The information charged the appellant with the wilful and wanton killing of a cow, the property of M. A. Horton. He was convicted and fined in the sum of $6.

M. A. Horton was the first witness for the State. He testified that sometime in September, 1883, the defendant came to him and told him that he had killed one of the witness's cows, and told him which cow he had killed. Witness replied that the cow was a milch animal and that he was damaged $50, but that, if the defendant would pay him $30 within thirty days, he would be satisfied. The defendant promised that he would do so and went off. Witness went to see Judge Reaves about the matter some three weeks before this trial. Judge Reaves advised witness to consult the county attorney. Witness called at the county attorney's office, but did not find that officer. The affidavit in this case was not made by the witness until after the expiration of the thirty days agreed upon for payment of the $30. The defendant had an unlawful and very indifferent fence around his field. Witness saw the dead body of the cow lying outside of and some distance from the defendant's field. Witness told the defendant that he might skin the cow and dispose of the hide and meat as he pleased. This all occurred in Smith county, Texas.

John Horton, son of the prosecuting witness, testified for the State that in September, 1883, the defendant told him that he, the defendant, had done a bad thing. Witness asked him what, and he replied that he had shot one of witness's father's cows. On being told which cow, witness said to defendant: "You have shot the most innocent cow Pa had." Witness went to see the dead animal next day. She lay outside defendant's field, some seventy-five or one hundred yards from the fence. She was shot behind the shoulder. Witness picked up some gun wadding near the body, and picked some shot out of a tree that stood near by. The defendant's fence was not a lawful one, not being over two feet high in some places.

Alex. Pierce testified, for the defense, that he was picking cotton in his field when Mr. Horton's cow was shot. He heard the report of a gun and saw smoke floating over the defendant's field at a point below where he, the witness, was at work. He then saw the cow running out of the defendant's field. Shortly afterwards the defendant joined the witness and began picking cotton. In a little time the witness heard his dogs barking down in the woods. On going to the place he found the cow dead. She had been dead but a short time. The defendant, who was with the witness, remarked that he

would go and tell Mr. Horton what he had done, and he and his half brother went off in the direction of Horton's house.

George Brooks, a half brother to the defendant, testified in his behalf that he went with defendant to Horton's house to tell him that he, defendant, had killed one of his, Horton's, cows, in his field. Mr. Horton said that he was damaged $50 but would be satisfied with $30 if paid in thirty days. Defendant agreed to pay the amount on the terms named, and he and witness left.

Articles 680 and 685 of the Penal Code, referred to in the opinion of this court, are as follows:

"Art. 680. If any person shall wilfully or wantonly kill, maim, wound, disfigure, poison, or cruelly and unmercifully beat and abuse any animal or bird included in the preceding article, he shall be fined not exceeding two hundred and fifty dollars."

"Art. 685. Any owner, proprietor, lessee, or other person in charge of cleared and cultivated land surrounded with an insufficient fence, or the agent or employé of such person, who shall with fire-arms, dogs or otherwise, maim, wound or kill any cattle, horses or hogs of another within such inclosure, or who shall cause or procure the same to be done, shall be fined not less than ten nor more than two hundred dollars."

The motion for new trial raised the question discussed in the opinion of the court.

*H. B. Marsh* and *T. O. Woldert*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WILLSON, JUDGE. This conviction was had upon an information charging the defendant with having wilfully and wantonly killed a cow, the property of M. A. Horton. It was proved beyond question that defendant had killed the cow, but the cause and motive of the act is not so clear. There is evidence tending strongly to show that at the time the cow was shot she was in defendant's field or inclosure. She was found dead near his fence, outside of his inclosure, but it was in evidence by a witness who saw the shooting that she was inside the inclosure when she was shot. The fence around defendant's inclosure was not a lawful fence.

This prosecution was had, and the conviction obtained, under article 680 of the Penal Code, the charge of the court having reference to that article alone. The defendant asked the following special instruction which was refused by the court, viz.: "If you believe from the evidence that the cow charged to have been killed

was killed in the field of the defendant, you cannot find him guilty under this prosecution." It was error to refuse this charge. If the cow was killed within the defendant's inclosure, and there was an insufficient fence around his inclosure, the act of killing constituted another and entirely distinct offense from that defined in article 680. If the killing was inside the inclosure the defendant could only be prosecuted and convicted under article 685 of the Penal Code, and the information should have alleged the facts which constituted the offense defined by that article. This offense is not included in the offense defined by article 680, but is a distinct and separate offense to which is attached a different penalty. Under the evidence the issue presented by the special charge quoted above should have been submitted to the jury, and if they found from the evidence that the cow was killed inside the defendant's inclosure, they should have acquitted him, notwithstanding his fence was insufficient. Upon the state of facts of this case, the pleader should have inserted a second count in the information, charging the offense defined by article 685.

Because the court erred in refusing the special charge requested, and because this error was promptly excepted to by the defendant, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

[Opinion delivered October 18, 1884.]